Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
1849 Sawtelle Blvd., Suite 700
Los Angeles, California 90025
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for Mather Kuwada, Mather Law Corporation,
Law Office of Kenneth M. Barish,
Steven R. Mather, and Kenneth M. Barish

FILED & ENTERED

JAN 25 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:13-bk-27344-MH |
| DOUGLAS J. ROGER, MD, INC., | Adv. No. 6:15-ap-01304-MH |
| Debtors. | Chapter 7 |
| A. CISNEROS, Chapter 7 Trustee, | ORDER GRANTING IN PART AND DENYING IN PART MOTION OF MATHER KUWADA, MATHER LAW CORPORATION, LAW OFFICE OF KENNETH M. BARISH, STEVEN R. MATHER, AND KENNETH M. BARISH FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF THE ISSUES |
| Plaintiff, | |
| vs. | |
| KAJAN MATHER & BARISH, a professional corporation; MATHER KUWADA, a limited liability partnership; MATHER LAW CORPORATION, a California corporation; LAW OFFICE OF KENNETH M. BARISH; STEVEN R. MATHER, an individual; KENNETH M. BARISH, an individual, | |
| Defendants. | Date:  January 11, 2017<br>Time:  2:00 p.m.<br>Place:  Courtroom 303 |

The Motion of Mather Kuwada, Mather Law Corporation, Law Office of Kenneth M. Barish, Steven R. Mather, and Kenneth M. Barish for Summary Judgment or, in the Alternative, Summary Adjudication of the Issues for Summary Judgment or, in the Alternative, Summary Adjudication of the Issues (the "**Motion**") filed by Mather Kuwada, a limited liability partnership ("**MK**"); Mather Law Corporation, a California corporation ("**MLC**"); Law Office of Kenneth M. Barish ("**LOKMB**"); Steven R. Mather, an individual ("**Mather**"); Kenneth M. Barish, an

individual ("**Barish**") (MK, MLC, LOKMB, Mather and Barish shall be collectively, "**Moving Defendants**"), with regard to the with regard to the Complaint For Avoidance, Recovery, and Preservation of Preferential and Fraudulent Transfers (the "**Complaint**") filed by A. Cisneros, the Chapter 7 Trustee (the "**Trustee**" or "**Plaintiff**") for the bankruptcy case of Douglas J. Roger, MD, Inc. (the "**Debtor**") in the above-captioned adversary proceeding, came on for its hearing before the Honorable Mark Houle, United States Bankruptcy Judge, presiding.  Appearances were as noted in the record of the hearing.

Based on the Notice of Motion and Motion, the memorandum of points and authorities and declarations in support thereof, and the opposition and reply thereto, the documents and pleadings on file herein, and the Court's findings of fact and conclusions of law set forth in its tentative ruling which is attached to this Order and incorporated herein as supplemented on the record of this hearing, and for good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion is granted in part, and denied in part as follows:

   a. Granted on the issue of Successor Liability as to MK, Steven R. Mather and Kenneth M. Barish, and those claims are dismissed, with prejudice with respect to those parties.

   b. Granted on the issue of liability under 11 U.S.C. § 550 against the Moving Defendants, and those claims are dismissed, with prejudice with respect to those parties.

   c. Denied on the issue of Successor Liability as to MLC and LOKMB, only under a "mere continuation theory".

   d. Granted on the issue of liability for "actual fraud" under 11 U.S.C. § 548 and Cal Civil Code § 3439 against the Moving Defendants, and those claims are dismissed, with prejudice with respect to those parties.

   e. Granted on the issue of liability as to all "Jewel Claims" against the Moving Defendants, and those claims are dismissed, with prejudice with respect to those parties.

2. The claims contained in the Second Claim for Relief are dismissed in their entirety against the Moving Defendants.

3. The only remaining claim contained in the Fourth Claim for Relief against the Moving Defendants is the claim based upon the issue of Successor Liability as to MLC and LOKMB, only under a "mere continuation theory"

### 

Date: January 25, 2017

Mark Houle
United States Bankruptcy Judge

**ORDER GRANTING IN PART MOTION OF MATHER KUWADA, MATHER LAW CORPORATION, LAW OFFICE OF KENNETH M. BARISH, STEVEN R. MATHER, AND KENNETH M. BARISH FOR SUMMARY JUDGMENT**          -3-

# United States Bankruptcy Court
## Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, January 11, 2017**                                                                 Hearing Room   303

2:00 PM
**6:13-27344**   **Douglas J Roger, MD, Inc., A Professional Corporat**                          Chapter 7
Adv#: 6:15-01304   Cisneros v. Kajan Mather & Barish, a professional corporation

#35.00   CONT Motion of Mather Kuwada, Mather Law Corporation, Law Offices of
Kenneth M. Barish, Steven R. Mather, and Kenneth M. Barish for Summary
Judgment Or, In The Alternative, Summary Adjudication of the Issues

From: 11/9/16, 12/14/16

Also #34

EH__

Docket   90

**Tentative Ruling:**

**01/11/2017**
**BACKGROUND**

On October 20, 2013 (the "Petition Date"), Douglas J Roger, MD Inc., a Professional Corporation ("DJRI") filed its petition for chapter 7 relief. Arturo Cisneros is the duly appointed chapter 7 trustee ("Trustee").

On October 20, 2015, the Trustee filed his Complaint for Avoidance, Recovery, and Preservation of Preferential and Fraudulent Transfers (the "Complaint") under sections 544, 547, 548, 550 and 551 of the Bankruptcy Code. The Trustee named the following defendants in his Complaint: KAJAN MATHER & BARISH, a professional corporation ("KMB"); MATHER KUWADA, a limited liability partnership ("MK"); MATHER LAW CORPORATION, a California corporation ("MLC"); Law Office Of Kenneth M. Barish ("LOKMB"); Steven R. Mather, an individual; and Kenneth M. Barish, an individual (collectively, the "Defendants").

On November 18, 2015, the Defendants filed their answer to the Complaint (the "Answer"). On September 28, 2016, Defendants MK, MLC, LOKMB, Stephen Mather, and Kenneth Barish (the "Moving Defendants") filed their Motion for Summary Judgment (the "Motion"). The deadline to conduct discovery has now

## United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, January 11, 2017**　　　　　　　　　　　　　　　　　　　　　Hearing Room　　303

2:00 PM
**CONT...**　　**Douglas J Roger, MD, Inc., A Professional Corporat**　　　　　Chapter 7
lapsed.

　　　　On October 19, 2016, the Trustee filed his Opposition to the Motion (the "Opposition"). On October 26, 2016, the Moving Defendants filed their Reply to the Opposition (the "Reply").

### DISCUSSION
#### I. SUMMARY JUDGMENT

　　　　The Motion is brought pursuant to FRBP 7056 (incorporating Fed R. Civ. P. 56). FRBP 7056. Under Fed R. Civ. P. 56, courts must view the evidence in the light most favorable to the non-moving party and "determine whether there are any genuine issues of material fact." *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.1996). A material fact is one that, "under the governing substantive law ... could affect the outcome of the case." *Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Ass'n*, 322 F.3d 1039, 1046 (9th Cir.2003) (citing *761 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The party moving for summary judgment must initially identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed R. Civ. P. 56(e)(2).

　　　　The moving party without the ultimate burden of persuasion at trial (Moving Defendants, in this case) has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). In order to carry its burden of production, the moving party must either **(1) produce evidence negating an essential element of the nonmoving party's claim** or defense or **(2) show that the nonmoving party does not have enough evidence of an essential element** to carry its ultimate burden of persuasion at trial.

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, January 11, 2017**                                                                 Hearing Room    **303**

2:00 PM
**CONT...**        **Douglas J Roger, MD, Inc., A Professional Corporat**                      Chapter 7

    If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. *See High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir.1990). If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense (denials in the pleadings are insufficient). *See Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.1991). If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment. *See Celotex* at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion. *See id.*

    The initial step is to determine whether Moving Defendants carried their burden of production. *See Nissan Fire* at 1107.

    As a threshold matter, the Court declines to deny the Motion for failure of the Moving Defendants to comply with LBR 9013-1(l). Specifically, the Court finds the renewed Motion permissible given the close of discovery and the lack of any pending motions by the Trustee to compel production of documents or witnesses. Ongoing discovery efforts at the time of the Moving Defendants' prior motion for summary judgment were a significant underlying reason for denial of that motion.

    **A. Successor Liability Under California Law**

    First, the Court declines to address on the merits the Trustee's legal argument that Moving Defendants assumed liability for the debts of KMB and Elliot Kajan

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, January 11, 2017                          Hearing Room    303

2:00 PM
**CONT...**     **Douglas J Roger, MD, Inc., A Professional Corporat**           **Chapter 7**

when they entered into an agreement with Kajan's spouse and estate for purchase of Kajan's shares in KMB. This legal argument was not set forth in the Complaint and as such, is not properly before this Court. (Opp'n at 9-10).

Next, under California law, a company that acquires the assets, but not the equity interests, of another company does not become liable for the debts of the company from which the assets were acquired unless: (a) there is an express or implied agreement to have the purchaser assume and be liable for the debts of the company whose assets it acquired; (b) the transaction between the acquirer and the company whose assets were acquired amounts to a consolidation or de facto merger of the two companies; (c) the acquiring company is the "mere continuation" of the company whose assets were being acquired; or (d) the transaction is entered into for the fraudulent purpose of escaping liability for the seller's debts. *In re PW Commercial Const. Co., Inc.*, No. 07-40608, 2012 WL 4755165, at *10 (Bankr. N.D. Cal. 2012) (citing *Ray v. Alad Corp.*, 19 Cal.3d 22, 28 (Cal.1977)).

The Trustee argues that there is sufficient evidence to create a material fact as to the potential that the Moving Defendants ("or some of them") are mere continuations of KMB. Under California law, the "mere continuation" prong of successor liability is satisfied where the principal assets, or all or substantially all of the transferor's assets, are transferred for less than fair value and that one or more persons were officers, directors or stockholders of both corporations. *Acheson v. Falstaff Brewing Corp.*, 523 F.2d 1327, 1330 (9th Cir.1975).

The deposition testimony offered by the Trustee sufficiently raises a material question of fact as to whether MLC is a continuation of KMB because MLC appears to have operated at the same office as KMB, appears to have employed some of the same employees, and took over at least some of the same clients as KMB. FN1. The Trustee has pointed to the fact that KMB's clients and corresponding trust accounts generally split between Stephen Mather or Kenneth Barish depending on who they had worked with while clients of KMB. (Trustee Opp'n SGI, No. 30, 31).

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, January 11, 2017                          Hearing Room    303

2:00 PM
**CONT...**     **Douglas J Roger, MD, Inc., A Professional Corporat**           **Chapter 7**

Additionally, the Trustee points to MLC's continued operations at KMB's offices, its employment of former employees of KMB (including employment of Elliot Kajan's former secretary), and its continued handling of the Dr. Roger Matters. (*Id.* at No. 34-38). The Trustee further points to deposition testimony indicating that MLC continued the representation of Dr. Roger and/or to the Roger entities under essentially the same terms (except, potentially, for the billing rate) as KMB had. (*Id.* at No. 45). Finally, the Trustee points to evidence that MLC took over the lease of a copy machine and other assets (e.g. computers and furniture) from KMB. However, there is no evidence that the personal property assets were purchased for less than fair value.

> FN1. The Moving Defendants have generally offered several objections to all of the exhibits submitted by the Trustee. There is no specificity as to what specific statements or exhibits are subject to which exhibits. Notwithstanding, the Court has reviewed and overrules the Moving Defendants' objections insofar as they relate to the deposition testimony offered by Trustee.

The Trustee also asserts there remain issues of material fact and law as to whether KMB received less than fair value for client accounts and for any unfinished business transferred to MLC and LOKMB. On these points, the Moving Defendants' record contains sufficient evidence that the client accounts were generally split between MLC and LOKMB. Moving Defendants, for their part, assert that KMB's interest in these accounts terminated in November 2014 because KMB ceased providing legal services, and further, that any amounts billed to KMB have always been paid into KMB bank accounts. (Reply at 6:25-28). Additionally, Moving Defendants assert that accounts receivables of KMB were not transferred to the Moving Defendants and are still being collected and paid into KMB accounts (*Id.* at 7:9-13). Here, the Trustee has pointed to some evidence that these accounts may have been transferred or purchased for less than fair value. Specifically, the deposition testimony of Stephen Mather indicates that (1) there was no written agreement with respect to the work being performed on behalf of Dr. Roger by KMB; (2) that no payments were made by MLC and LOKMB to KMB for the client accounts being taken over; (3) that MLC did not sign a new retainer with either Dr. Roger or the

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, January 11, 2017**                                            Hearing Room    303

2:00 PM
**CONT...**    **Douglas J Roger, MD, Inc., A Professional Corporat**                Chapter 7

Roger entities. This deposition testimony raises an inference that work KMB was retained to perform for its clients may not have been concluded before MLC and LOKMB took over and began collecting on the accounts such that the transfer of the accounts may represent a transfer of assets for less than reasonably equivalent value.

As to MLC, therefore, the transfer of personal property assets, the continued operations of MLC at the offices at KMB, the employment of KMB former employees, and the assumption of client contracts and relationships are sufficient to raise material issues of fact and law as to whether MLC is a continuation of KMB.

In contrast to the facts regarding MLC, the Trustee offers no evidence that MK, Stephen Mather in his individual capacity, or Kenneth Barish in his individual capacity are continuations of KMB's business. There is also little evidence offered to support the contention that LOKMB is a mere continuation of KMB. For these reasons, the Court is inclined to find that to the extent that the Trustee asserts that MK, Stephen Mather or Kenneth Barish are continuations of KMB's business, the Motion must be GRANTED.

As to LOKMB, the Court notes that the Trustee has argued that there was an agreement by the Moving Defendants to "defer" the deposition of Kenneth Barish pending the resolution of the Moving Defendants' objection to the employment of Fraley & Associates by the Trustee. The Court has reviewed the emails exchanged by the parties and finds that there was sufficient ambiguity in the agreement as to credit the Trustee's belief that he would have the opportunity to depose Kenneth Barish upon resolution of the employment objection. Thus, based solely on the possibility that the deposition of Kenneth Barish can provide further support for the Trustee's claim of successor liability as to LOKMB, the Court shall DENY the Motion without prejudice as to LOKMB at this juncture. However, the Court notes that on the current record there is little support for the Fourth Claim as to LOKMB. As such, the Court is inclined to permit LOKMB further opportunity to seek summary judgment on the issue of successor liability at the conclusion of Mr. Barish's deposition.

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, January 11, 2017            Hearing Room    303

---

2:00 PM
**CONT...**     **Douglas J Roger, MD, Inc., A Professional Corporat**         **Chapter 7**

    B.  **Actual Fraudulent Transfers to the Alleged KMB Successors**

        Although it was not clear in the Complaint, the Opposition appears to indicate that the Trustee is pursuing an "actual fraud" claim against the Moving Defendants. (Opp'n at 12). Section 544(b) confers on bankruptcy trustees the power to avoid any transfer of an interest of the debtor in property that is voidable under nonbankruptcy law by a creditor holding an allowable unsecured claim. 11 U.S.C. § 544(b). *In re Beverly*, 374 B.R. 221, 232 (9th Cir. BAP 2007), aff'd in part, dismissed in part, 551 F.3d 1092 (9th Cir. 2008). Thus, the Trustee asserts that the under Cal. Civ. Code § 3439.04, he may set aside a transfer that the creditor's debtor makes with "actual intent" to hinder, delay or defraud creditors. (Opp'n at 12:13-14). This claim as against Moving Defendants, however, is misplaced. The "debtor" under §544 and § 3439.04 is DJRI, not KMB. Thus, the only transfers that may be avoided via the instant proceeding under § 3439.04, are the transfers that were made by DJRI to KMB, not those made by KMB to Moving Defendants. (FN1: there has been no argument or allegation that KMB was merely a conduit for payments). Based on the foregoing, the Trustee's claim for actual fraud as against Moving Defendants must be dismissed and the Motion is GRANTED as to this claim because the Trustee has provided no evidence that a transfer occurred as between the Debtor and the Moving Defendants. Indeed the Complaint alleges only that transfers occurred between KMB and the Debtor.

    C.  **"Jewel Claims"**

        A "Jewel Claim" results from cases under California law that attempt to settle the property rights of a law firm in its "unfinished business". *Jewel v. Boxer*, 156 Cal.App.3d 171, 203 Cal.Rptr. 13 (1984) ("Jewel"). The Trustee's Jewel Claim seemingly seeks a determination that to the extent KMB had "unfinished business" that was transferred to the Moving Defendants, KMB has a right to profits earned by Moving Defendants on that "unfinished business" to satisfy any eventual liability found against KMB. In support of its theory, the Trustee cites to *In re Brobeck, Phleger & Harrison LLP*, 408 B.R. 318 (Bankr. N.D. Cal. 2009), which provides as follows:

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
Courtroom 303 Calendar

Wednesday, January 11, 2017             Hearing Room    303

2:00 PM
CONT...    Douglas J Roger, MD, Inc., A Professional Corporat           Chapter 7

> The unfinished business rule provides that, in the absence of an agreement to the contrary, partners have a duty to account to the dissolved firm and their former partners for profits they earn on the dissolved firm's "unfinished business," after deducting for overhead and reasonable compensation. In other words, profits realized by former partners at their new firms must be shared among all partners of the dissolved firm in accordance with the firm's prior practice.

408 B.R. 318, 326–27. Here, the Moving Defendants have distinguished *Brobeck* from the facts of the instant case in material respects. Primarily, *Brobeck* involved a dissolving partnership which was the debtor in bankruptcy. Thus, the Trustee was able to assert the rights and powers of *Brobeck* against its partners – including asserting claims for profits or an accounting under *Jewel*. However, in the instant adversary proceeding, the Trustee does not represent KMB or any partner of KMB. As such, the Trustee has no right to pursue Jewel Claims against any of the Moving Defendants. Moreover, none of the cases cited by the Trustee establishes the standing of a creditor to assert a Jewel Claim against a dissolving partnership. Without such authority, the Trustee's claim fails and the Motion must be GRANTED as to all Moving Defendants with respect to any Jewel Claims.

### D. Liability under § 550

Section 550 authorizes the trustee to recover transferred property. *In re Bullion Reserve of North America*, 922 F.2d 544, 547 (9th Cir. 1991). Theoretically, the trustee can recover from both the initial transferee and any secondary transferee, as well as from any entity for whose benefit the initial transfer was made. *Id.* The "good faith" defense of section 550(b) does not apply to the "initial transferee" of the debtor or the "entity for whose benefit such transfer was made," and the trustee's power to recover from these entities under section 550(a)(1) is absolute. *Id.*

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, January 11, 2017**                                      Hearing Room    303

2:00 PM
CONT...        Douglas J Roger, MD, Inc., A Professional Corporat            Chapter 7

    Here, the Moving Defendants have indicated that there is no evidence with which the Trustee can demonstrate that they can be held liable under § 550, and the Court also perceives no evidence on the record to support such a theory. The Trustee has provided no evidence or argument on this issue, other than to state in general terms at the end of his Opposition that more discovery is needed as to the financial condition of KMB, as well as for the deposition of Kenneth Barish.

    As to Mr. Barish, the Court has already indicated that it is inclined to permit this deposition to move forward on resolution of the employment issue. As to the remaining request for additional discovery, the Court directs the Trustee to FRCP 56 (d), which provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed.R.Civ.Proc. 56(d).

    However, the Ninth Circuit has held that "[r]eferences in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f). Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Barona Group of Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc.,* 840 F.2d 1394, 1400 (9th Cir. 1987)(discussing Rule 56(d), formerly Rule 56(f)). Moreover, under Rule 56(d), an opposing party must make clear what information is sought and how it would preclude summary judgment. *Id.* Here, the Trustee did not

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

---

**Wednesday, January 11, 2017**                                                        **Hearing Room**    **303**

---

2:00 PM
**CONT...**     **Douglas J Roger, MD, Inc., A Professional Corporat**                         **Chapter 7**

comply with Rule 56(d). Additionally, the Court has no indication on the Docket that a motion or stipulation to extend the time for discovery was ever filed. Additionally, assuming that the Moving Defendants have failed to provide responses to discovery requests as indicated, the Court has also not seen a motion to compel filed by the Trustee.

### TENTATIVE RULING

Based on the foregoing, the Court is inclined to GRANT the Motion in part, and DENY the Motion in part, as follows:

1. GRANTING the Motion on the issue of Successor Liability and under § 550 as to MK, Steven R. Mather, an individual, and Kenneth M. Barish, an individual;
2. DENYING the Motion on the issue of Successor Liability as to MLC and LOKMB under a "mere continuation" theory;
3. GRANTING the Motion as to "actual fraud" under Cal. Civil Code §3439 as to all Moving Defendants; and
4. GRANTING the Motion as to all Moving Defendants as to all "Jewel" Claims.

APPEARANCES REQUIRED.

12/14/2016

The hearing on the Motion for Summary Judgment is CONTINUED to January 11, 2017, at 2:00 p.m. The parties received electronic notice of the continuance from the Court and confirmed notice of the continued hearing.

APPEARANCES WAIVED.

| Party Information |
|---|

**Debtor(s):**

Douglas J Roger, MD, Inc., A                    Represented By
                                                Summer M Shaw
                                                Michael S Kogan